1  **MARLIN & SALTZMAN, LLP**
   Stanley D. Saltzman, Esq. (SBN 90058)
2  Marcus J. Bradley, Esq. (SBN 174156)
   William A. Baird, Esq. (SBN 192675)
3  29229 Canwood Street, Suite 208
   Agoura Hills, California   91301
4  Telephone:   (818) 991-8080
   Facsimile:    (818) 991-8081
5  ssaltzman@marlinsaltzman.com
   mbradley@marlinsaltzman.com
6  tbaird@marlinsaltzman.com

7  Attorneys for Plaintiff

8

9                  **UNITED STATES DISTRICT COURT**

10                **CENTRAL DISTRICT OF CALIFORNIA**

11

| | |
|---|---|
| 12  ERIN CALDERON, individually and 13  on behalf of all others similarly situated, | **CASE No. CV 13-07046-GHK(JEMx)** <u>**CLASS ACTION**</u> |
| 14          Plaintiff, 15 16  v. | **PLAINTIFF'S NOTICE OF MOTION AND MOTION TO TRANSFER VENUE; MEMORANDUM OF POINTS AND AUTHORITIES** |
| 17  CARGILL, INC.; and DOES 1 through 18  10, inclusive, 19          Defendants. | DATE:        December 9, 2013 TIME:        9:30 a.m. DEPT:        Courtroom 650 JUDGE:      Hon. George H. King  Complaint Filed:  September 23, 2013 |

20

21

22

23

24

25

26

27

28

## NOTICE OF MOTION AND MOTION

**TO:  CARGILL, INC., AND DOES 1 THROUGH 10, INCLUSIVE, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on December 9, 2013, at 9:30 a.m., or as soon thereafter as the matter may be heard at the above-entitled court, located at 255 East Temple Street Roybal Federal Building, Los Angeles, California, Plaintiff  Erin Calderon  ("Plaintiff") will bring on for hearing her motion to transfer venue pursuant to the principles of comity and/or 28 U.S.C. § 1404(a).

Plaintiff's Motion is made on the following grounds: A putative nationwide class action encompassing claims similar to those asserted in this action styled *Denise Howerton v. Cargill, Inc.,* No. 13-cv-0336 LEK-BMK, ("*Howerton*") was filed first and is presently pending in the United States District Court for the District of Hawaii.  In particular, this action and the *Howerton* action are both premised on defendant's deceptive labeling, marketing, and sale of Truvia products.   Each seek similar relief and seek to represent similar classes. Declaration of William A. Baird, "Baird Decl." Exhibit "A" (*Howerton* Class Action).

On October 29, 2013, in another action filed after *Howerton* also alleging a nationwide putative class of consumers who purchased Truvia products from Defendant, the Court explained that the overlapping nature of the classes suggested that the Court should apply the first-filed rule and transfer the subsequently filed *Martin* action to the United States District Court of Hawaii where *Howerton* is pending.  Baird Dec. Exhibit "B"   *Molly Martin, et al., v. Cargill, Incorported,*Civ. No. 13-2563(RHK/JJG) (D. Minn. 2013), Docket Number 56, p.18.

Transferring this action to the United States District Court in Hawaii for assignment to a single judge will serve the interest of justice, promote judicial economy, and eliminate the risk of conflicting orders and judgments from

multiple United States District Courts, thereby conserving the resources of the parties and the Courts.  Accordingly, pursuant to the principles of comity and in the interest of justice Plaintiff respectfully requests for this matter to be transferred to the United States District Court of Hawaii where the first filed action, *Howerton*, is pending.[1]

DATED:   November 11, 2013         **MARLIN & SALTZMAN, LLP**


                                    By:  /S/  William A. Baird
                                         William A. Baird, Esq.
                                         Attorneys for Plaintiff

---

[1]   This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on November 1, 2013.

**MEMORANDUM OF POINTS & AUTHORITIES**

## I.  <u>INTRODUCTION</u>:

Plaintiff requests that this action be transferred to United States District Court of Hawaii under the principles of comity and pursuant to the interests of justice under 28. U.S.C. Section 1404(a).   Plaintiff's motion is made on the grounds that there is a similar action pending in the United States District Court of Hawaii styled as *Denise Howerton v. Cargill, Inc.,* No. 13-cv-0336 LEK-BMK ("*Howerton*").   *Howerton*, like this case, is premised on Defendant Cargill, Inc.'s deceptive labeling, marketing, and sale of Truvia products.   *Howerton* was filed first, seeks similar relief to this action and also asserts similar putative nationwide class claims.     Declaration of William A. Baird, "Baird Decl." Exhibit "A" (*Howerton* Complaint).

On October 29, 2013, the Court,  in the action of *Molly Martin, et al., v. Cargill, Incorported* ("*Martin*") - filed after *Howerton* and also seeking relief for a nationwide putative class of consumers who purchased Truvia products from Defendant - ordered the parties to show cause why the *Martin* action should not be transferred, dismissed, or stayed, in favor of the *Howerton* action pursuant to the first filed rule.   Baird Dec. Exhibit "B"   *Molly Martin, et al., v. Cargill, Incorported,*Civ. No. 13-2563(RHK/JJG)(D. Minn. 2013), Docket Number 56, p.18. [2]

Transferring this action to the United States District Court in Hawaii for assignment to a single judge will serve the interest of justice, promote judicial economy,  and eliminate  the  risk of conflicting  orders and judgments from

---

[2]   Plaintiff Molly Martin filed the *Martin* action on September 18, 2013.  Plaintiff Martin also filed a motion for Preliminary Approval of a Settlement with Defendant on the same day.  The *Howerton* Plaintiff objected to the Settlement. On October 29, 2013, the Court issued an order that denied preliminary approval and ordered for the parties to SHOW CAUSE on or before November 13, 2013 why the action should not be dismissed, stayed, or transferred to the District of Hawaii under the first-filed rule.   See Exhibit "B" Baird Decl.

multiple United States District Courts, thereby conserving the resources of the parties and the Courts.  Accordingly, pursuant to the principles of comity and in the interest of justice, Plaintiff respectfully requests for this matter to be transferred to the United States District Court of Hawaii where the first filed action, *Howerton*, is pending.

## II.   STATEMENT OF FACTS

### A.   The *Howerton* Action

Denise Howerton filed a complaint against Defendant Cargill on July 8, 2013, alleging that defendant engaged in and still engages in deceptively labeling and marketing Truvia products.  Plaintiff alleges that Defendant deceptively claims that Truvia sweetener is a natural product when instead it is a highly chemically processed product.

The *Howerton* action seeks to represent the following two classes:

1) All persons in the United States who purchased Truvia from its Introduction in 2008 until the date notice is disseminated for personal or household use, and not for resale or distribution purposes.

2) A class action pursuant to Federal Rule of Civil Procedure 23 on behalf of all persons located within the state of Hawaii and on behalf of all persons located within the states with similar consumer protection laws, breach of express warranty laws and breach of implied warranty laws.

The action seeks among other things restitution, disgorgement, injunctive relief, and corrective advertising.

### B.   The *Calderon* Complaint

Plaintiff Erin Calderon ("Plaintiff") filed her complaint on September 23, 2013, alleging that Defendant engaged in, and still engages in, deceptively labeling and marketing Truvia products.  Plaintiff alleges that Defendant deceptively claims that Truvia sweetener is a natural product when instead, it is a highly chemically processed product.  In addition to seeking to represent a California class Plaintiff seeks to represent the following two classes:

/ / /

a. All persons in the United States outside of California who purchased Truvía from its introduction in 2008 until the date notice is disseminated for personal or household use, and not for resale or distribution purposes.

b. All persons who reside in states in the United States outside of California with similar consumer protection laws, breach of express warranty laws and breach of implied warranty law, who purchased Truvía from its introduction in 2008 until the date notice is disseminated for personal or household use, and not for resale or distribution purposes (Consumer Protection Class).

Plaintiff seeks, among other things, restitution, disgorgement, injunctive relief and corrective advertising.

## III. LEGAL ARGUMENT

### A. This Case Should Be Transferred Under the First-to-File Rule To The United States District Court In Hawaii

The Ninth Circuit has stated with respect to similar litigation:

> The principles of comity allow a district court to decline jurisdiction over an action where a complaint involving the same parties and issues has already been filed in another district. "While no precise rule has evolved, the general principle is to avoid duplicative litigation," and promote judicial efficiency.

*Barapind v. Reno,* 225 F.3d 1100, 1109 (9th Cir. 2000) (citations omitted); *see also Nakash v. Marciano,* 882 F.2d 1411, 1416 (9th Cir. 1989) ("It is enough if the two proceedings are 'substantially similar.'") (citation omitted).  In the Ninth Circuit, principles of federal comity are embodied in the "first-to-file" rule. *Pacesetter Systems, Inc. v. Medtronic, Inc.,* 678 F.2d 93, 94-95 (9th Cir. 1982). The rule's purpose is to "to avoid placing an unnecessary burden on the federal judiciary, and to avoid the embarrassment of conflicting judgments." *Church of Scientology v. United States Dep't of Army,* 611 F.2d 738, 750 (9th Cir. 1979).

Under the "first-to-file" rule, a district court has the discretion to transfer an action to a court where similar complaint has previously been filed.  *Alltrade, Inc. v. Uniweld Prods., Inc.,* 946 F.2d 622, 623(9th Cir. 1991).  Courts look to three

---

3

factors when applying the first-to-file rule:  (1) the chronology of the two actions; (2) the similarity of the parties, and (3) the similarity of the issues. *Z-Line Designs, Inc. v. Bell'Q Int'l LLC,* 218 F.R.D. 663, 665 (N.D. Cal. 2003).  The rule applies when a complaint involving the same parties and issues has already been filed in another district.  *Id.* at 625.  Notably, the parties and issues need not be identical for the first-to-file rule to apply.  *Save Power Ltd. v. Syntek Fin. Corp.,* 121 F.3d 947, 950-51 (5th Cir. 1997).  Rather, the crucial inquiry is whether the parties and the issues substantially overlap.  *Fossum v. Northwestern Mut. Life Ins. Co.,* No. C 10-2657 (SI), 2010 U.S. Dist. LEXIS 99904 (N.D. Cal. Sept. 16, 2010).

Here, application of the first to file rule conclusively reveals that this action is properly transferred to the United States District Court in Hawaii where *Howerton* is pending.

<u>First</u>, the *Howerton* case was filed prior to this action. The *Howerton* complaint was filed on July 8, 2013, and this action was filed on September 23, 2013.  Therefore, the *Howerton* case is the first-filed case.

<u>Second</u>, the parties in the two cases are similar.  The first-to-file rule does not require strict identity of the parties, but rather substantial similarity. *Inherent.com v. Martindale-Hubbell,* 420 F. Supp. 2d 1093, 1097 (N.D. Cal. 2006).   Substantial similarity of the parties is determined by comparing the proposed classes. *Weinstein v. MetLife, Inc.,* No. C 06-04444 (SI), 2006 U.S. Dist. LEXIS 83115, at * 12 (N.D. Cal. Nov. 6, 2006) ("In a class action, however, it is the class, not the representative, that is compared."); *Adoma v. Univ. a/Phoenix, Inc.,* 711 F. Supp. 2d 1142, 1148 (E.D. Cal. 2010) (finding similarity of parties where the proposed classes for the collective actions both sought to represent at least some of the same individuals and where the plaintiff in the second-filed collective action could opt into the first-filed case).

Here, both cases seek to represent similar national classes and consumer

protection classes based on Defendant's deceptive marketing and representations about its product Truvia.

Third, the allegations in the two cases are substantially similar. For example, each alleges that Defendant deceptively claims that Truvia sweetener is a natural product when instead it is a highly chemically processed product. See also, Plaintiff's complaint ¶¶ 17-47 and *Howerton* Complaint ¶¶ 13-43.

In analyzing whether the first filed rule should apply, the Court in *Martin* stated as follows:

> On the present record, the Court does not perceive any "compelling circumstances" undermining the application of the first-filed rule, and this case and Howerton are "substantially duplicative." *Ritchie Capital Mgmt., L.L.C. v. Jeffries,* 653 F.3d 755, 763 n.3 (8th Cir. 2011). To be sure, the named plaintiffs in Howerton differ from the named Plaintiffs here. Yet, they purport to act on behalf of overlapping, nationwide classes, and "recent cases . . . make clear that *the class members* are the proper focus of th[e] inquiry." *Askin v. Quaker Oats Co.,* No. 11 CV 111, 2012 WL 517491, at *4 (N.D. Ill. Feb. 15, 2012) (emphasis added) (collecting cases). . . .

> The overlapping nature of the classes, in fact, suggests that the Court *should* apply the first-filed rule here, to prevent the very ills the rule is designed to address. As one leading authority notes:

> "One of the most troubling problems in the modern class-action arena is the filing of multiple, competing class actions in state and federal courts all directed toward the same conduct or activities, which are alleged to have caused harm that is multistate, if not national, in scope. Clearly, a single nationwide class action seems to be the best means of achieving judicial economy. In its absence, these competing and duplicative actions not only generate unnecessary litigation and duplicative fees, but also they may result in delay, pose complicated problems of judicial coordination in some instances, increase the risk of disparate verdicts raising serious questions of fairness, and, in situations in which there are limited funds available as compensation, result in the unequal distribution of those funds. 7B Wright & Miller, Federal Practice & Procedure § 1798.1 (3d ed. 2005) . . . .

Baird Dec. Exhibit "B"  *Molly Martin, et al., v. Cargill, Incorporated,* Civ. No. 13-2563(RHK/JJG) (D. Minn. 2013), Docket Number 56, pp.17-18

The *Martin* Court then reached the conclusion that:

"[With respect to this action][t]hese concerns are particularly acute because the Hawaii court has denied Cargill's request to stay Howerton, notwithstanding the instant action and the parties' proposed settlement. Accordingly, the threat of duplicated effort, wasted resources, and inconsistent results is very real." *Id.* at 18.

Plaintiff respectfully submits that *Martin* Court's conclusion also applies to this case and for the same reaons the case is properly transferred to the District Court of Hawaii pursuant to the first-to-file rule.

**B.     The Interests Of Justice Are Best Served By Transferring This Action To The United States District Court in Pursuant to Section 1404(a)**

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § l404(a).  Courts have held that in ruling on a request to transfer an action, the interest of justice is "the most important factor a court must consider."  *Wiley v. Trendwest Resorts,* No. C 04- 4321 (SBA), 2005 U.S. Dist. LEXIS 38893, at *9-10 (N.D. Cal. Aug. 9, 2005). "A major consideration under this factor is the desire to avoid multiplicity of litigation from a single transaction." *Id.* Likewise, the existence of related actions in the proposed forum "is a highly persuasive factor." *Id.* ("The feasibility of consolidation is a significant factor in a transfer decision.") (citing *A. J. Indus., Inc. v. United States Dist. Court for Cent. Dist.,* 503 F.2d 384, 389 (9th Cir. 1974). "To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy, and money that § l404(a) was designed to prevent." *Cont'l Grain Co. v. Barge FBL-585,* 364 U.S. 19, 26 (1960).

As concluded by the *Martin* Court, separate cases in different jurisdictions proceeding against the named Defendant in this case for essentially the same reason is both inefficient and raises the risk of inconsistent results.  Accordingly, the interests of justice are best served by transferring this action the Hawaiian

Plaintiff's Notice of Motion and Motion to Transfer
Case No. CV 13-07046-GHK(JEMx)

1  District Court to be related to the *Howerton* action.

2

3  DATED:   November 11, 2013            **MARLIN & SALTZMAN, LLP**

4

5                                        By:  /S/   William A. Baird

6                                               William A. Baird
                                                 Attorneys for Plaintiff
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7